## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

---

**OFFENSE CHARGED**

Count 1: 18 U.S.C. § 1343 -- Wire Fraud

Count 2: 18 U.S.C. § 666(a)(1)(B) - Bribery Concerning Programs Receiving Federal Funds

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Count 1 - 20 years' imprisonment; $250K fine or twice gross gain/loss, whichever is greater; 3 years' supervised release; $100 special assessment; restitution;  Count 2 - 10 years' imprisonment; $250K fine or twice gross gain/loss, whichever is greater; 3 years' supervised release; $100 special assessment; restitution

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEFENDANT - U.S

▶ EVELYN LANGFORD

DISTRICT COURT NUMBER

CR 15 0035

FILED JAN 15 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VC

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation/Dept. of Labor-OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kyle Waldinger/Hallie Hoffman

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction            ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
JAN 15 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 15 0035 VC |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 666(a)(1)(B) – Bribery Concerning Programs Receiving Federal Funds |
| v. | |
| EVELYN LANGFORD, | |
| Defendant. | ) SAN FRANCISCO VENUE |

INFORMATION

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1. The defendant, Evelyn LANGFORD, maintained a residence in the United States Territory of American Samoa. LANGFORD was employed by the American Samoa Government ("ASG") as the Director of the ASG's Department of Human Resources. She maintained an account at Broadway National Bank (a/k/a Broadway Bank) in San Antonio, Texas, numbered ending -3879 ("-3879 Account").

2. Quin Rudin resided in Southern California. Rudin held himself out to LANGFORD and others as being associated with several companies, including the Native Hawaiian Holding Company, Inc. ("NHHC"), and Dearborne International, Inc. ("Dearborne International").

INFORMATION

3. NHHC was a corporation organized under the laws of the State of Hawaii. Among other accounts, NHHC maintained an account at Wells Fargo Bank in the Northern District of California numbered ending -7087 ("-7087 Account").

4. Dearborne International was a corporation organized under the laws of the State of Hawaii.

The U.S. Territory of American Samoa

5. American Samoa was a Territory of the United States located in the South Pacific Ocean.

6. The ASG received funds from the United States Government to support funding of the vast majority of its operating expenses. For example, for the fiscal year ending September 30, 2011, the ASG received more than $220,000,000 in funds from the United States Government. For the fiscal year ending September 30, 2012, the ASG received more than $195,000,000.

7. On September 29, 2009, an earthquake that registered 8.1 on the Richter scale occurred in the Samoan Islands region. The earthquake's epicenter was located approximately 140 miles southwest of American Samoa's capital city, Pago Pago. The earthquake generated a tsunami that caused substantial damage, loss of life, and economic disruption in American Samoa.

U.S. Department of Labor National Emergency Grant

8. In the wake of the tsunami and its physical and economic impact, the U.S. Department of Labor ("DOL") awarded American Samoa a National Emergency Grant ("NEG") in the approximate amount of $24.8 million. In addition to providing resources for tsunami cleanup and recovery efforts, the NEG provided funding for longer term workforce development. The DOL office that had primary oversight of the NEG was the agency's Region 6 office in San Francisco, California.

9. In addition to being Director of the ASG's DHR, LANGFORD also served as the American Samoa Governor's Authorized Representative for Disaster Recovery. LANGFORD's responsibilities in this area included partial oversight of NEG and other federal funds provided to the Territory following the 2009 tsunami.

10. Through NHHC, Rudin entered into a service contract with the ASG in February 2012 in which NHHC was to receive some of the NEG funds. NHHC's NEG contract, as issued by the ASG, was related to the purported development of a "contact center" (or "call center") industry in American

1  Samoa through a training and employment program. The contract also provided for job placement and
2  support services for American Samoa residents through a so-called "One Stop" career and training
3  center (or workforce development center).
4      11.    NHHC's NEG contract was signed by Rudin on or about February 13, 2012, and by
5  LANGFORD on or about February 14, 2012. The contract provided for payments of NEG funds to
6  NHHC totaling about $4.7 million.
7      12.    Section 13 of NHHC's NEG contract was entitled "Prohibition Against Gratuities and
8  Kickbacks." That section provided that "[i]t shall be a breach of ethical standards . . . for any employee
9  or former employee [of the ASG] to solicit, demand, accept, or agree to accept from another person, a
10 gratuity or an offer of employment in connection with any decision, approval, disapproval, [or]
11 recommendation . . . ." Section 13 further provided that the ASG could, with written notice to NHHC,
12 "terminate the right of [NHHC] to proceed under this agreement if it is found, after notice and hearing
13 by the Contracting Officer, that gratuities (in the form of entertainment, gifts, or otherwise) were offered
14 or given by [the NHHC] or any agent or representative of [the NHHC] to any officer or employee of the
15 American Samoa Government . . . with a view toward securing an agreement or securing favorable
16 treatment with respect to the performing of such an agreement."
17     13.    As alleged above, the DOL's Region 6 office in San Francisco had primary oversight
18 over the NEG, including NHHC's NEG contract. The fact that an ASG employee was receiving funds
19 from NHHC during the pendency of NHHC's NEG contract would have been material to the DOL's
20 decision whether to prohibit the ASG from dispensing any NEG funds to NHHC pursuant to the NEG
21 contract.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

INFORMATION     3

COUNT ONE: (18 U.S.C. § 1343 – Wire Fraud)

14. The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated herein as if set forth in full.

15. Beginning by no later than in or about April 2012, and continuing to on or about December 31, 2012, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

EVELYN LANGFORD,

knowingly and with the intent to defraud participated in, devised, and executed a scheme and artifice to defraud the DOL as to a material matter and to obtain money and property originating from the DOL by means of material false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts. In sum and substance, the scheme and artifice consisted of LANGFORD accepting gifts, payments, and other things of value totaling at least $250,000 from Rudin and from companies associated with him, and then taking steps to hide, conceal, and cover up her activity and the true nature and scope of her dealings with Rudin, including by failing to advise other employees of the ASG and employees of the DOL that she had received gifts, payments, and other things of value from NHHC, Rudin, and from companies associated with him.

EXECUTION OF THE SCHEME AND ARTIFICE

16. On or about May 7, 2012, in the Northern District of California and elsewhere, the defendant,

EVELYN LANGFORD,

for the purpose of advancing, furthering, and executing the aforementioned scheme and artifice, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings and signals, specifically, a wire transfer of $250,000 from NHHC's -7087 Account in the Northern District of California to LANGFORD's -3879 Account in Texas.

All in violation of Title 18, United States Code, Section 1343.

///
///

INFORMATION 4

COUNT TWO: (18 U.S.C. § 666 –Bribery Concerning Programs Receiving Federal Funds)

17. The factual allegations in paragraphs 1 through 13 and 16 are re-alleged and incorporated herein as if set forth in full.

18. On or about May 7, 2012, in the Northern District of California and elsewhere, the defendant,

EVELYN LANGFORD,

an agent of American Samoa, a territory that received federal benefits in excess of $10,000 in any one-year period, did corruptly solicit, accept, and agree to accept a thing of value from another for her benefit and the benefit of another, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the ASG involving anything of value of $5,000 or more; that is, LANGFORD solicited, accepted, and agreed to accept a $250,000 payment from Rudin.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

DATED: January 14, 2015

MELINDA HAAG
United States Attorney

DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form                    )
AUSAs WALDINGER/HOFFMAN

INFORMATION                    5