1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (CABN 298752)
   HALLIE MITCHELL HOFFMAN (CABN 210020)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, 11th Floor
       San Francisco, California 94102
7      Telephone: (415) 436-6830
       Facsimile: (415) 436-7234
8      E-mail: kyle.waldinger@usdoj.gov

9  Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

| UNITED STATES OF AMERICA, | ) No. CR 15-00035 JST |
|---|---|
| Plaintiff, | ) **REDACTED DECLARATION OF MATTHEW M. MCDONALD** |
| v. | ) |
| EVELYN LANGFORD, | ) |
| Defendant. | ) |

REDACTED DECLARATION OF MATTHEW M. MCDONALD
CR 15-00035 JST

MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
HALLIE MITCHELL HOFFMAN (CABN 210020)
Assistant United States Attorneys

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6830/7129
    Facsimile: (415) 436-7234
    E-mail:  Kyle.Waldinger@usdoj.gov
            Hallie.Hoffman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 15-00035 JST |
|---|---|
| Plaintiff, | ) **DECLARATION OF MATTHEW M.** |
| | ) **MCDONALD** |
| v. | ) |
| EVELYN LANGFORD, | ) Sentencing Date:  June 26, 2015 |
| | ) Time:  9:30 a.m. |
| Defendant. | ) Court:  Hon. Jon S. Tigar |
| | ) |

I, Matthew M. McDonald, declare as follows:

1.    I am a Special Agent for the Federal Bureau of Investigation ("FBI"). I have been employed as a Special Agent with the FBI since 2005. I am presently assigned to the Honolulu Division of the FBI, where I work on white collar investigations – primarily public corruption. Before taking my present assignment, for approximately three years I was assigned to the American Samoa Resident Agency ("ASRA"), which was a small satellite FBI office located in American Samoa. While in American Samoa, I investigated a myriad of federal criminal cases, the majority of which involved public corruption violations. Prior to joining the FBI, I served as an officer in the United States Marine Corps where I deployed twice to Fallujah, Iraq in 2004 and 2005 as an infantry platoon commander.

McDONALD DECLARATION
CR 15-00035 JST

1 Before joining the Marine Corps in the wake of September 11, 2001, I worked as a Deputy District Attorney for Contra Costa County, California. I have a BA in History from Saint Mary's College of California and a JD from the University of San Francisco School of Law. Additionally, I am a member of both the California and Hawaii State Bar Associations.

2. On January 31, 2014, I conducted a telephone interview of Evelyn Langford, who is the defendant in this case. Assistant United States Attorney ("AUSA") Kyle F. Waldinger was also on the call and participated in the interview. I was located in Hawaii at the time of the call. It was my understanding that AUSA Waldinger was in California and that Langford was in Texas.

3. During the interview on January 31, 2014, Langford admitted that she took funds from the Native Hawaiian Holding Company ("NHHC") or from an individual associated with NHHC, Quin Rudin. Specifically, Langford stated that she had received funds related to her travel expenses and that she had also had another "financial transaction" with Rudin of $250,000.

4. During the January 31, 2014 interview, Langford stated that one of the reasons that she did not inform anyone in the American Samoa government or the U.S. Department of Labor about the $250,000 payment she received was that she knew it was wrong to take the money from either NHHC or an individual or company associated with it.

5. Langford also stated during the interview that if, Rudin's payment to her was made known, she knew that (a) she would be required to return the funds, (b) the ASG's contract with NHHC would be cancelled, or (3) the ASG would not get the funding from the Department of Labor.

6. Langford also explained during the January 31, 2014 interview that she believed that the $250,000 payment would be made to her by the company Dearborne International, and not by NHHC. Langford stated that she had told Rudin that the money could not come from NHHC. After later reviewing her bank statement, Langford learned that the $250,000 payment had come from NHHC. During the interview on January 31, 2014, Langford was asked why she did not give the funds back after she realized that they had come from NHHC. In response, Langford told us that she could have given the funds back, but that she did not do so because she needed the money to pay her debt to the Army.

7. I have reviewed the sentencing memorandum filed by Langford in this case on June 19, 2015. One of the letters attached to Langford's sentencing memorandum is from Mary-Mine S. Pase. I

McDONALD DECLARATION
CR 15-00035 JST                     2

1  am generally familiar with public corruption cases arising out of American Samoa. I believe that this is
2  the same Mine S. Pase who was prosecuted in the United States District Court in the District of
3  Columbia in case number CR 11-00320 RBW and who received a 14-month prison sentence in that
4  case.
5  Redacted

11  I declare under penalty of perjury of the laws of the United States of America that the foregoing
12  is true and correct.

14  Executed on June 22, 2015, in Honolulu, Hawaii.

_____
MATTHEW M. McDONALD

McDONALD DECLARATION
CR 15-00035 JST                    3