1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    MARC H. AXELBAUM  # 209855
2   marc.axelbaum@pillsburylaw.com
    LINDSAY A. LUTZ  # 254442
3   lindsay.lutz@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
4   San Francisco, CA  94111
    Telephone: (415) 983-1000
5   Facsimile: (415) 983-1200

6   Attorneys for Defendant
    EVELYN LANGFORD
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )   No. 3:15-cr-00035-JST
                                       )
12                    Plaintiff,       )
                                       )   **DEFENDANT LANGFORD'S**
13        vs.                          )   **REPLY TO UNITED STATES'**
                                       )   **SENTENCING MEMORANDUM**
14  EVELYN LANGFORD,                   )
                                       )   Date:  June 26, 2015
15                    Defendant.       )   Time: 9:30 a.m.
                                       )   Judge: Hon. Jon S. Tigar
16  _____   )   Court: Courtroom 9, 19th Floor

17

18

19

20

21

22

23

24

25

26

27

28

602693486v1

1    Pursuant to Criminal Local Rule 32-5(c), Defendant Evelyn Langford files this

2    Reply to the United States' Sentencing Memorandum ("U.S. Mem."), Dkt. 17.[1]  In this

3    Reply, Ms. Langford uses the same defined terms she first introduced in her original

4    Sentencing Memorandum ("Mem."), Dkt. 18.

5    **I.    Ms. Langford's Mental Health Arguments are Consistent with the Statements in Her Plea Agreement.**

6

7    In the United States' Sentencing Memorandum, the Government argues that the

8    conclusion of Dr. Lines regarding Ms. Langford's intent is "contradicted by the defendant's

9    admissions" in the Plea Agreement, including that she acted "corruptly and with the intent

10   to be influenced or rewarded."  U.S. Mem. at 6 n.3.

11   To begin with, Ms. Langford emphasizes that she accepts responsibility for her

12   offense.  Ms. Langford does not claim that she lacked criminal intent.  Rather, she argues

13   that, at the time of the offense, she suffered from a significantly reduced mental capacity

14   that contributed substantially to the commission of the offense and that should be taken into

15   account as a part of "the nature and circumstances of the offense and the history and

16   characteristics of the defendant" pursuant to 18 U.S.C. § 3553(a)(1).  *See* Mem. at 9-10.

17   Dr. Lines diagnosed Ms. Langford with PTSD and concluded that she suffered from

18   diminished mental capacity and impaired judgment at the time of the offense conduct.

19   Lines Report, at 7-8.  In reaching this conclusion, Dr. Lines reviewed the statements made

20   in the Plea Agreement.  *See id.* at 1.  Dr. Lines nevertheless concluded that Ms. Langford's

21   "knowledge of the conduct as wrong was questionable" because her "cognitive capacity

22   was overwhelmed" and "her reasoning was substantially distorted."  *Id.* at 7.  At its heart,

23   Dr. Lines' conclusion regarding this issue is that the PTSD and the psychological pressure

24   resulting from her complex relationship with her father *substantially distorted* Ms.

25   _____

26   [1] Consistent with Criminal Local Rule 32-5(c), in this Reply, Ms. Langford does not directly address the Reply filed earlier today by the government (Dkt. 19), and instead limits the arguments herein to the argument made in the government's original

27   Sentencing Memorandum (Dkt. 17) regarding Dr. Lines' report.  Having reviewed the government's Reply, however, Ms. Langford submits that nothing in this Reply is

28   inconsistent with or undercut by anything in the government's Reply.

1   Langford's reasoning related to the offense conduct.  *Id.*  That conclusion is not inconsistent

2   with the statements made in the Plea Agreement and should be considered as part of the

3   Court's analysis of the Section 3553(a)(1) factors.

4          In addition, Ms. Langford's admissions in the plea agreement are not inconsistent

5   with her arguments that she would satisfy the requirements of USSG Section 5K2.13

6   (whether viewed, by Section 5K2.13's terms, as a ground for "departure," or as a policy

7   statement under Section 3553(a)(5)).  Courts have held that granting a departure based on

8   diminished mental capacity is not inconsistent with a finding that the defendant possessed

9   the requisite criminal intent.  In *United States v. Zedner*, 401 F.3d 36, 52 (2nd Cir. 2005),

10  *rev'd on other grounds,* 547 U.S. 489 (2006), the Second Circuit stated, "[t]he defendant

11  could have acted with criminal intent so as to be guilty of a crime, while at the same time

12  suffering from a diminished mental capacity that would justify departure."  *Id*.  And in both

13  *United States v. Menyweather*, 447 F.3d 625, 632 (9th Cir. 2005) and *United States v.*

14  *Cantu*, 12 F.3d 1506, 1513 (9th Cir. 1993), discussed at greater length in Ms. Langford's

15  Sentencing Memorandum, the Ninth Circuit held that PTSD could constitute a basis for a

16  finding of diminished capacity, even though the defendants had pleaded guilty.  Under the

17  Section 5K2.13 diminished mental capacity analysis, diminished capacity is present when

18  the defendant's ability to understand the wrongfulness of the behavior *or* to exercise the

19  power of reason is "significantly impaired."  USSG § 5K2.13, app. note 1.  Dr. Lines'

20  report supports a finding of diminished capacity due to reduced ability to understand

21  wrongfulness or exercise the power of reason.

22         This is different from saying that Ms. Langford had absolutely no capacity to know

23  wrong from right or exercise her powers of reason.  The difference is one of degree, not

24  kind, and it distinguishes her diminished capacity argument and the facts that support it

25  from a claim that she lacked criminal intent altogether.  Her admissions in the plea

26  agreement are accordingly not inconsistent with her arguments at sentencing.  The fact that

27  she may have later concealed certain things from ASG and Department of Labor employees

28  (*see* U.S. Sent. Mem. at 6 n.3) does not mean that she did not have a significantly impaired

1  ability to understand the wrongfulness of her behavior or exercise her powers of reason at

2  the time of the offense.

3  **II.     Dr. Lines' Conclusions and the Arguments Based on Them are Otherwise Unchallenged.**

4

5         The Government's challenge to Dr. Lines' opinion is limited to his conclusion

6  regarding Ms. Langford's ability to understand the wrongfulness of her conduct.  This

7  conclusion goes to Ms. Langford's ability to show she suffered from a "significantly

8  reduced mental capacity" under the first prong of the test only.  *See* USSG § 5K2.13, app.

9  note 1 ("Significantly reduced mental capacity" means the defendant "has a significantly

10  impaired ability to (A) understand the wrongfulness of the behavior comprising the offense

11  or to exercise the power of reason; *or* (B) control behavior that the defendant knows is

12  wrongful.") (emphasis added).

13         The Government does not otherwise challenge the opinions of Dr. Lines, including,

14  notably, his diagnosis that Ms. Langford suffers from PTSD and his conclusion that she

15  would have been able to prevent herself from engaging in the conduct under more

16  psychologically intact conditions.  Diminished capacity is present not only when the

17  defendant has the inability to understand wrongfulness or exercise the power of reason; it is

18  also present when the defendant has a "significantly impaired ability" to "control behavior

19  that the defendant knows is wrongful."  USSG § 5K2.13, app. note 1.  Dr. Lines concludes

20  that Ms. Langford's "ability to withstand engaging in the conduct was lacking."  Lines

21  Report, at 7.  Ms. Langford therefore satisfies the second (independent) prong of the

22  significantly reduced mental capacity analysis under Section 5K2.13 – a point the

23  government has not disputed.

24

25

26

27

28

1   Dated: June 22, 2015.

2                           PILLSBURY WINTHROP SHAW PITTMAN LLP
                            MARC H. AXELBAUM
3                           LINDSAY A. LUTZ
                            Four Embarcadero Center, 22nd Floor
4                           San Francisco, CA  94111

5
                            By:    */s/ Marc H. Axelbaum*
6                                   Marc H. Axelbaum

7                           *Attorneys for Defendant Evelyn Langford*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28